Barbara J. CHARITON, Plaintiff-Respondent,

v.

SATURN CORPORATION, a foreign corporation,
Defendant-Appellant,

SATURN OF WAUKESHA, INC., a Wisconsin corporation,
Defendant.

Court of Appeals

*No. 99–0617.  Oral argument May 23, 2000.—Decided June 21,
2000.*

## 2000 WI App 148

(Also reported in 615 N.W.2d 209.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Carl Paul Carver, Todd E. Gadtke,* and *Marlene A. Yoder* of *Bowman and Brooke LLP* of Minneapolis, Minnesota. There was oral argument by *Kim M. Schmid* and *Carl Paul Carver.*

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William S. Pocan, Vincent P. Megna* and *Terrence M. Polich* of *Jastroch & Labarge, S.C.* of Waukesha. There was oral argument by *Vincent P. Megna.*

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1.   BROWN, P.J.   This appeal by a car manufacturer who did not comply with the Lemon Law's thirty-day time frame in which to replace the con-

sumer's vehicle or refund the purchase price is controlled by *Church v. Chrysler Corp.*, 221 Wis. 2d 460, 585 N.W.2d 685 (Ct. App. 1998). There, we held that thirty days means thirty days; a dispute between the consumer and the manufacturer about the amount of refund does not toll the thirty-day period in which the manufacturer must act. The same is true of a dispute over the breadth of a release, as was the situation in this case. Here, Saturn violated the Lemon Law when it failed to refund the purchase price of Barbara J. Chariton's vehicle within thirty days after she offered to transfer title to the vehicle to Saturn. Chariton's refusal to sign a general release did not excuse Saturn from the thirty-day requirement. We affirm.

¶ 2. The facts are not in dispute. Chariton bought a 1996 Saturn and it turned out to be a lemon. *See* Wis. Stat. § 218.015(1)(h) (1997–98).[1] She submitted a customer claim form to BBB Auto Line, pursuant to Saturn's informal dispute settlement procedure. About one week later, Chariton sent a statutory offer to transfer title to Saturn, indicating that she wanted a refund under the Lemon Law. *See* § 218.015(2)(c). Saturn offered her a total refund of $20,170.75.[2] Saturn's letter also stated: "By accepting this offer Ms. Chariton agrees to complete all necessary documents to transfer title of the vehicle to Saturn Corporation including but not limited to a power of attorney (to correct any errors in title), an odometer statement and a General Settlement Agreement and Release." Chariton responded that the total refund should be $20,347.47 and that she

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

[2] We note that the bulk of the refund would have gone to Chariton's secured creditor. For ease of discussion we refer to the total amounts, not just the amount going to Chariton.

would "not necessarily sign whatever materials that you propose, if the same are not required by the Wisconsin Lemon Law." Ultimately, the thirty days in which Saturn was to tender its refund expired and Chariton filed suit, claiming a violation of the Lemon Law. Saturn moved for summary judgment, arguing that Chariton's lemon law claim should be dismissed. Saturn argued that it had followed the statute by making Chariton an offer within the thirty-day period and that Chariton's "failure to participate in the exchange should not work to create liability for Saturn." After the trial court denied Saturn's motion, the parties stipulated to an entry of judgment in favor of Chariton for $38,874.69—$22,374.69 in pecuniary damages and $16,500.00 for attorney's fees and other costs recoverable under the Lemon Law. It is from the trial court's denial of Saturn's motion for summary judgment that Saturn appeals.

¶ 3.   What controls this case is the propriety of Saturn's release requirement.[3] Saturn argues that the Lemon Law's silence on the subject shows that a

---

[3] We acknowledge that in our notice of oral argument and request for supplemental briefing we also asked the parties to address whether the Lemon Law requires a consumer to deal in good faith. After reading the supplemental briefs and hearing oral argument, we have decided that this is not the proper case in which to determine whether the consumer has a duty to communicate promptly with the manufacturer regarding the details of the refund. It is undisputed that Saturn had all the information it needed to calculate Chariton's refund by the twenty-second day after Chariton made her offer to transfer title. The only issue remaining was Saturn's insistence on a general release and Chariton's refusal to sign it. This is not a case where the manufacturer was lost at sea due to the consumer's alleged evasiveness. Thus, we decline to address the good faith issue.

release is not forbidden. Chariton claims that the "manufacturer may not require that the consumer sign a release in order to obtain a refund under the Wisconsin Lemon Law."

¶ 4.   Our standard of review is de novo. First, Saturn appeals the trial court's denial of a summary judgment motion. Because we employ the same methodology as the trial court, we owe no deference to its decision. *See Church*, 221 Wis. 2d at 465–66. Second, whether the manufacturer may require a general release is a question of statutory interpretation, which we thus examine and answer without deference to the trial court. *See id.* at 466.

¶ 5.   We conclude that the Lemon Law does not contemplate that the consumer be required to sign a general release in order to obtain a refund. WISCONSIN STAT. § 218.015(5) expressly states that the Lemon Law "does not limit rights or remedies available to a consumer under any other law." Our case law has made it clear that non-lemon law claims related to a faulty vehicle must be pled separately. *See Gosse v. Navistar Int'l Transp. Corp.*, 2000 WI App 8, ¶ 14, 232 Wis. 2d 163, 605 N.W.2d 896, *review denied*, 233 Wis. 2d 85, 609 N.W.2d 474 (Wis. Feb. 22, 2000) (No. 98–3499) (consumer must assert personal injury in separate claim not based on Lemon Law). Rather than merely acknowledge that Saturn had fulfilled its obligations under the Lemon Law, the release Saturn wanted Chariton to sign would have barred any suit against anyone about anything having to do with her car.[4] Section 218.015(5) prohibits such a release. Furthermore,

---

[4] Under the proposed release, Chariton would agree to:

just as the dispute about the amount of refund did not toll the thirty-day period in *Church*, Chariton's reluctance to sign Saturn's release did not suspend time in this case. *Church* tells us that regardless of the status of negotiations, the Lemon Law requires that the manufacturer provide a refund within thirty days or the Lemon Law has been violated. There are no excuses.

¶ 6.   Finally, Saturn's proposed release included Dan Schultz, whose name appeared on the title as an owner. While we reject Saturn's release requirement, we do recognize that such a co-owner would have to sign off on the title before transfer could occur. *See* WIS. STAT. § 218.015(2)(c) ("When the manufacturer provides the . . . refund, the consumer shall return the motor vehicle . . . and provide . . . the certificate of title and all endorsements necessary to transfer title to the manufacturer.").

*By the Court.*—Judgment and order affirmed.

---

release and discharge Releasee, its subsidiaries, divisions, officers, representatives, employees, stockholders, authorized Retailers, successors and assigns and all other persons, firms or corporations, who are or might be claimed to be liable, of and from any and every claim, demand, right or cause of action for the recovery for damages including, but not limited to, those for diminution in value, repair costs, or any other economic or non-economic injuries, losses, breach of warranty and/or damages including any claims for consequential or incidental damages and/or punitive damages, cost of suit and attorneys fees resulting or alleged to have resulted from the promotion, use or sale of, or any defect and/or nonconformities in the design or manufacture of assembly in the aforesaid Vehicle[.]