BCR Trucking, LLC, Plaintiff-Appellant,

v.

PACCAR, Inc., Defendant-Respondent,

Collins-Sorrentino, Inc., Defendant.

Court of Appeals

*No. 2008AP1196. Submitted on briefs November 12, 2008.
—Decided February 5, 2009.*

**2009 WI App 36**

(Also reported in 765 N.W.2d 828.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Vincent P. Megna* and *Susan M. Grzeskowiak* of *Jastroch & Labarge, S.C.*, Waukesha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Joseph M. Fasi* and *Jean-Marie Feedham* of *Gonzalez Saggio & Harlan LLP*, Milwaukee, and *Mitchell S. Moser* of *Quarles & Brady LLP*, Milwaukee.

Before Higginbotham, P.J., Dykman and Lundsten, JJ.

¶ 1. DYKMAN, J. BCR Trucking, LLC, appeals from an order granting summary judgment to PAC-CAR, Inc., in BCR's Lemon Law[1] action and a subse-

---

[1] WISCONSIN STAT. § 218.0171 (2007–08), Wisconsin's Lemon Law, provides that if a consumer purchases a motor vehicle that does not conform to an express warranty, and the manufacturer does not repair the nonconformity, the consumer may demand either a comparable new vehicle or a refund, and that:

> (2)(c) To receive a comparable new motor vehicle or a refund due under par. (b)1. or 2., a consumer described under sub. (1)(b)1., 2. or 3. shall offer to the manufacturer of the motor vehicle having the nonconformity to transfer title of that motor vehicle to that manufacturer. No later than 30 days after that offer, the manufacturer shall provide the consumer with the comparable new motor vehicle or refund. When the manufacturer provides the new motor vehicle or refund, the consumer shall return the motor vehicle having the nonconformity to the manufacturer and provide the manufacturer with the certificate of title and all endorsements necessary to transfer title to the manufacturer.

All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

quent judgment ordering BCR to return the truck it purchased from PACCAR in exchange for the purchase amount less depreciation plus interest. BCR contends that PACCAR is not entitled to summary judgment because there are material factual issues as to whether PACCAR violated Wisconsin's Lemon Law. BCR also contends that the trial court erred in reducing the refund amount based on the truck's depreciation from the date PACCAR offered to replace it. We conclude that PACCAR is entitled to summary judgment on BCR's Lemon Law claim because the undisputed facts demonstrate that PACCAR met its statutory requirements. We further conclude that the trial court's decision to reduce the refund amount based on the truck's depreciation, and to add interest, adhered to the purpose of the Lemon Law and thus was not erroneous.

### Background

¶ 2. The following facts are taken from the parties' summary judgment submissions. In July 2004, BCR purchased a truck manufactured by PACCAR for $103,500. In June 2006, BCR sent PACCAR a Lemon Law notice under Wis. Stat. § 218.0171, seeking a comparable replacement motor vehicle. PACCAR received BCR's Lemon Law notice on June 2, 2006.

¶ 3. On June 27, 2006, after PACCAR determined that BCR's truck was, in fact, a lemon, it notified BCR that it would provide BCR with a replacement vehicle. PACCAR informed BCR that the replacement vehicle would be at the dealership on June 30, 2006, and provided BCR with the vehicle's specifications. On June 30, 2006, BCR went to the dealership and viewed PACCAR's proposed replacement vehicle. BCR determined that, although the proposed truck was not identical to the original truck, it was an "acceptable" re-

placement. However, BCR did not attempt to take possession of the vehicle at that time.

¶ 4. BCR next contacted PACCAR on July 5, 2006, after thirty days from the notice had passed, and requested any documents that PACCAR would require to complete the exchange. BCR was unable to obtain any documents from PACCAR, but obtained them from the dealership two days later.[2] BCR refused to sign them, asserting that they violated Wisconsin's Lemon Law. The next day, PACCAR agreed to waive signing of the documents, and reiterated that the new truck was available to BCR. BCR did not take possession of the proffered replacement vehicle, but instead filed suit.

¶ 5. The parties filed cross-motions for summary judgment. The trial court granted summary judgment to PACCAR, concluding that PACCAR had complied with the Lemon Law statute. BCR then moved for a money judgment on the basis that the parties agreed that the original truck was a lemon. The court entered a judgment requiring BCR to return the original truck and receive the purchase price less depreciation from the time PACCAR first offered the replacement, plus

[2] Nancy Haselwood, a paralegal for BCR's counsel, avers in an affidavit that counsel for PACCAR stated that he would not provide any paperwork to BCR's counsel, but that it was "normal paperwork," including a "warranty." BCR describes this as PACCAR's counsel "refusing" to provide the required paperwork. PACCAR does not explain why PACCAR's counsel did not provide the paperwork to BCR's counsel, and the reason is not clear from the record. For instance, we do not know whether or not PACCAR's counsel had the paperwork in his possession when BCR requested it from him. Regardless, it is undisputed that BCR obtained the paperwork from the dealership two days later. Thus, we do not consider this point significant.

five percent interest for that time period. BCR appeals from the order and the judgment.

### Standard of Review

¶ 6. "We review summary judgment decisions de novo, applying the same methodology as the trial court." *Kiss v. General Motors Corp.*, 2001 WI App 122, ¶ 9, 246 Wis. 2d 364, 630 N.W.2d 742. Summary judgment is only proper when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Further, we interpret statutes independently from the trial court, aiming to give effect to the intent of the legislature. *Id.*, ¶ 22.

### Discussion

■

¶ 7. BCR argues that PACCAR is not entitled to summary judgment on BCR's Lemon Law claim because PACCAR violated the Lemon Law by requiring BCR to sign prohibited documents to receive a comparable vehicle.[3] PACCAR responds that it complied with the Lemon Law by making available to BCR a comparable replacement vehicle within the required thirty days. We agree with PACCAR.

---

[3] BCR also argues that the trial court erroneously applied the thirty-day requirement to BCR, thus holding that a consumer must return the original truck within thirty days of its demand for a comparable vehicle or violate the Lemon Law. However, we need not reach this issue. Here, BCR sued PACCAR for violating the Lemon Law, and PACCAR moved for summary judgment on grounds that it had fully complied with the statute. Thus, it is PACCAR's compliance, not BCR's, that matters, and PACCAR does not argue otherwise.

¶ 8.  The following facts are undisputed:  (1) BCR provided PACCAR notice under the Lemon Law requesting a comparable replacement vehicle and offering title to its "lemon"; (2) within thirty days, PACCAR notified BCR that it had available for BCR to pick up a comparable replacement vehicle; (3) within the thirty-day period, a representative of BCR inspected the vehicle and determined that the replacement was "acceptable";[4] (4) the thirty-day period elapsed without BCR picking up the replacement vehicle or exchanging vehicles; (5) after the thirty-day time limit, PACCAR

---

[4] The record reveals that, at the time it was offered, BCR considered the replacement truck "acceptable" even though it was not identical to the original. BCR argues on appeal that there is a material issue of fact as to whether the truck was "comparable" as required under WIS. STAT. § 218.0171 based on *physical* differences with the original truck, thus precluding summary judgment. However, we agree with PACCAR that BCR did not argue in the trial court that there was a factual issue as to whether the trucks were physically comparable. Rather, during a proceeding before the trial court, BCR argued that the vehicle was not comparable because it was conditioned on prohibited documents. BCR then said:  "The day they went out there on the 30th to look at that truck, it wasn't what they wanted. They didn't view it as comparable." The court then engaged in the following colloquy with BCR's counsel:

Q: I thought the guy that went out there that night viewed it and thought it was comparable?

A: He didn't say "comparable." He said, "We'll take it."

Q: Acceptable?

A: Acceptable. It's –

Q: Okay.

A: —acceptable. It's not comparable; it's acceptable. That's not an issue.

provided BCR with documents for BCR to sign or execute before picking up the replacement vehicle; (6) BCR objected to PACCAR's request regarding executing those documents, asserting that they were prohibited by the Lemon Law; and (7) the next day, PACCAR agreed to waive execution of the objectionable documents. BCR argues that, based on these facts, PACCAR violated the Lemon Law by requiring BCR to sign documents as a condition of receiving the replacement vehicle.[5] We disagree.

██

¶ 9.    Wisconsin's Lemon Law, WIS. STAT. § 218.0171, provides two requirements for consumers seeking statutory relief:    "[T]hey must elect a remedy by demanding either a replacement vehicle or a refund, and they must offer to transfer title to the vehicle back to the manufacturer." *Garcia v. Mazda Motor of America, Inc.*, 2004 WI 93, ¶ 1, 273 Wis. 2d 612, 682 N.W.2d 365. Once the manufacturer receives that notice from the consumer, the manufacturer must "provide the consumer with a refund or a comparable new motor vehicle no later than

> But—and on the 5th we were trying to set up the return. When we get the documents, that's the issue. We're not going to sign these. They're all prohibited . . . .

Thus, BCR made clear that whether or not the truck itself was physically comparable was not an issue. Instead, BCR informed the court that it viewed the documents as the issue before the court. We will not address BCR's "comparable" argument for the first time on appeal. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980), *superseded by statute on other grounds as stated in Wilson v. Waukesha County*, 157 Wis. 2d 790, 460 N.W.2d 830 (Ct. App. 1990).

[5] BCR also argues that the trial court erred in failing to resolve whether the documents were prohibited under the Lemon Law. For the reasons that follow, we disagree.

thirty days after the consumer's offer" to avoid Lemon Law liability. *Estate of Riley v. Ford Motor Co.*, 2001 WI App 234, ¶ 5, 248 Wis. 2d 193, 635 N.W.2d 635.

¶ 10.  There is no dispute that if PACCAR had refused to provide a replacement vehicle within thirty days because BCR refused to sign prohibited documents, PACCAR would have violated the Lemon Law. This result is dictated by prior case law. *See Chariton v. Saturn Corp.*, 2000 WI App 148, ¶ 1, 238 Wis. 2d 27, 615 N.W.2d 209. Here, BCR argues that PACCAR required it to sign prohibited documents *after* the thirty-day period had elapsed, establishing that those documents were required throughout the thirty-day period, and thus PACCAR is in violation of the Lemon Law.

¶ 11.  We first observe that BCR has not presented a developed argument demonstrating that the documents PACCAR sought to have BCR sign were "prohibited." Nonetheless, we will assume for the sake of argument only that the documents were prohibited. This assumption, however, does not benefit BCR.

¶ 12.  BCR relies on *Herzberg v. Ford Motor Co.*, 2001 WI App 65, 242 Wis. 2d 316, 626 N.W.2d 67, and *Chariton*, 238 Wis. 2d 27. We do not agree that either case supports BCR's contention that PACCAR has violated the Lemon Law on the facts before us.

¶ 13.  In *Chariton*, 238 Wis. 2d 27, ¶ 2, Chariton bought a car from Saturn that proved to be a lemon. She demanded a refund, and Saturn made her an offer, which included the requirement that Chariton sign a general release from liability. *Id.* Chariton responded with a revised settlement amount and a statement that she would not sign any documents not required under the Lemon Law. *Id.* The thirty-day period then passed, and Chariton sued Saturn for violating the Lemon Law. *Id.* Saturn moved for summary judgment, arguing that

it had met the statutory requirements by making an offer within thirty days. *Id.*

¶ 14. We affirmed the trial court's denial of Saturn's motion, concluding "that the Lemon Law does not contemplate that the consumer be required to sign a general release in order to obtain a refund." *Id.*, ¶ 5. We also said that Chariton's refusal to sign the release did not toll the thirty-day period, citing our holding in *Church v. Chrysler Corp.*, 221 Wis. 2d 460, 585 N.W.2d 685 (Ct. App. 1998), that "a dispute between the consumer and the manufacturer about the amount of refund does not toll the thirty-day period in which the manufacturer must act." *Chariton*, 238 Wis. 2d 27, ¶¶ 1, 5. Thus, we held "that regardless of the status of negotiations, the Lemon Law requires that the manufacturer provide a refund within thirty days or the Lemon Law has been violated." *Id.*, ¶ 5.

¶ 15. The next year, we again considered Lemon Law damages after a manufacturer refused to provide a refund unless the consumer signed additional documents. In *Herzberg*, 242 Wis. 2d 316, ¶¶ 1–2, the consumers demanded a refund of the purchase price of a vehicle that the parties agreed was a lemon. In response, Ford agreed to give a refund, but only if the Herzbergs signed *certain documents, including a vehicle condition report. *Id.*, ¶ 2. The Herzbergs refused to sign the vehicle condition report, and the parties commenced negotiations that went through the end of the thirty-day period. *Id.*, ¶ 3. Because the thirty days passed and the Herzbergs did not receive a refund, they brought a Lemon Law case against Ford. *Id.*, ¶¶ 1, 3.

¶ 16. We affirmed the trial court's judgment in favor of the Herzbergs, concluding in light of *Chariton* that the Herzbergs were required only "to offer to return the title of the vehicle to the manufacturer and,

once the refund was made, to return the vehicle and provide the manufacturer with the certificate of title and all endorsements necessary to transfer title to the manufacturer." *Id.*, ¶¶ 5, 16–17. That is, "the Lemon Law did not require the Herzbergs to comply with Ford's further condition that they provide information regarding the condition of the vehicle." *Id.*, ¶ 17. Thus, Ford had violated the Lemon Law by failing to provide the refund within thirty days, notwithstanding the Herzbergs' refusal to sign a vehicle condition report. *Id.*, ¶¶ 2–5, 16–17.

¶ 17.  *Chariton* and *Herzberg* are distinguishable from this case. In both *Chariton* and *Herzberg*, the manufacturer refused to provide the consumer with a remedy within the statutory thirty-day period unless the consumer signed a prohibited document, and the thirty days then passed without the manufacturer providing the requested refund. Here, the requested relief was a comparable vehicle, and it is undisputed that PACCAR did make a comparable vehicle available to BCR within the thirty-day timeframe. Apart from what transpired after the thirty-day time period, a topic we address below, there is no evidence that PACCAR required the signing of a prohibited document. Thus, in *Chariton* and *Herzberg* the manufacturers violated the Lemon Law by failing to do what PACCAR did here:   offer to provide the consumer's requested remedy within thirty days.

¶ 18.   BCR argues, however, that PACCAR violated the Lemon Law by requiring it to sign prohibited documents, and this is demonstrated by the fact that after the thirty-day time period, PACCAR took the position that BCR must sign the documents. We disagree. The record reveals that when BCR objected to signing the documents, PACCAR agreed to waive signing. Accordingly, even if we look at the events after the time-period passed, it does not support a finding that BCR was

required to sign prohibited documents in order to obtain the replacement vehicle.[6]

¶ 19. We next turn our attention to the order directing PACCAR to pay BCR the amount of the purchase price, less depreciation plus interest. BCR argues that the trial court erred by reducing the amount by depreciation because the Lemon Law does not authorize a deduction for depreciation of vehicles after litigation.[7] We disagree with the premise behind BCR's argument.

[6] What BCR is effectively arguing is that, even though PACCAR complied with the Lemon Law by providing a comparable vehicle during the thirty-day period, PACCAR's request for BCR to sign prohibited documents after the thirty-day period was irrevocable. Nothing in the Lemon Law suggests this draconian result.

[7] BCR does not challenge the court's adding interest, and PACCAR does not cross-appeal. Thus, a challenge to adding interest in BCR's favor is not before us. We note, however, that had there been a Lemon Law violation, and if damages were limited to those provided for under the statute, interest in BCR's favor would arguably be allowed under WIS. STAT. § 218.0171(7), which provides:

> In addition to pursuing any other remedy, a consumer may bring an action to recover for any damages caused by a violation of this section. The court shall award a consumer who prevails in such an action twice the amount of any pecuniary loss, together with costs, disbursements and reasonable attorney fees, and any equitable relief the court determines appropriate.

Additionally, we have recognized (without analyzing) prejudgment interest on an award for a Lemon Law violation. *See Nick v. Toyota Motor Sales, U.S.A., Inc.*, 160 Wis. 2d 373, 386–87, 466 N.W.2d 215 (Ct. App. 1991), *overruled on other grounds by Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 542 N.W.2d 148 (1996).

¶ 20. The problem with BCR's argument is that the trial court found that there was no violation of the Lemon Law, and thus the relief it afforded BCR could not have been for a violation of the Lemon Law. After the trial court concluded that PACCAR did not violate the Lemon Law, BCR moved the court for a judgment in its favor based on the parties' agreement that the original truck was, in fact, a lemon. PACCAR then voluntarily agreed to refund the price BCR paid for the truck, but requested a deduction in the amount the lemon truck depreciated from the time BCR could have picked up the replacement truck.[8]

¶ 21. Thus, the court's decision as to depreciation was not a part of the Lemon Law portion of this case. That part was over; PACCAR won on summary judgment and BCR's Lemon Law claim was resolved without a damages award. We do not agree with BCR that the trial court "rewrote the Lemon Law" by reducing the amount that PACCAR agreed to pay by depreciation of the lemon truck from the time PACCAR made the replacement truck available. Instead, we discern no reason to upset the trial court's equitable remedy, which aimed to place both parties in the position they would have been in had BCR completed the exchange of vehicles when PACCAR provided a replacement truck in compliance with the Lemon Law. *See Meyer v. Reif*, 217 Wis. 11, 20, 258 N.W. 391 (1935) ("Though no precedent may be at hand in a given situation, since principles of equity are so broad that the wrong involved or the right to be enforced need not go without a

---

[8] The parties did not argue whether Wis. Stat. § 218.0171(2)(b)2.b., which gives a manufacturer a reasonable allowance for an owner's use of a vehicle after an owner demands a refund, applied to the facts of this case. Accordingly, we do not address that issue.

remedy, its doors will swing open for the asking, and a new precedent be made." (citation omitted)). Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.