HABERMEHL ELECTRIC, INC., Plaintiff-Appellant,†

v.

STATE of Wisconsin DEPARTMENT OF TRANSPORTATION, Defendant-Respondent.

Court of Appeals

*No. 02–1573. Submitted on briefs December 9, 2002.—Decided January 30, 2003.*

2003 WI App 39

(Also reported in 659 N.W.2d 463.)

† Petition to review denied 6-12-03.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kimberly A. Hurtado, Elizabeth M. Roat,* and *Francisco J. Vasquez* of *Hurtado & Dagen, S.C.,* Brookfield.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William H. Ramsey*, asst. attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Dykman and Lundsten, JJ.

¶ 1. VERGERONT, P.J. This action arises out of a dispute concerning the prevailing wage rates that Habermehl Electric, Inc. was obligated to pay its employees under certain contracts for projects of the Department of Transportation (DOT). After DOT determined that Habermehl had not paid the proper rates according to the certification of prevailing wage rates by the Department of Workforce Development (DWD) incorporated into the contracts, Habermehl filed this action against DOT. The circuit court denied Habermehl's motion to add DWD as a party and granted judgment in DOT's favor, dismissing the complaint. Habermehl appeals, contending that the court erred in not allowing it to add DWD as a party and in concluding that its action was not timely filed against DOT for review of DOT's administrative decision.

¶ 2. We conclude that the court did not erroneously exercise its discretion in denying Habermehl's motion to amend its complaint to add DWD as a party because the amendment would have been futile. The claim Habermehl wishes to add for judicial review of DWD's administrative decision under WIS. STAT. ch. 227 would be subject to dismissal as time-barred, and the constitutional claims against DWD that Habermehl apparently seeks to pursue would be subject to dismissal based on the doctrine of claim preclusion. Because Habermehl concedes that DOT does not have the

statutory authority to grant the relief Habermehl seeks, we affirm the circuit court's dismissal of the complaint against DOT.

## BACKGROUND

¶ 3. The procedural background to this action is complex, but the relevant facts are not disputed. Habermehl is an electrical subcontractor that has performed work on various contracts that DOT has entered into with prime contractors. The eleven contracts involved in this dispute were executed between August 11, 1998 and May 11, 2000. The contracts provided that the contractors and subcontractors had to pay employees covered by Wis. Stat. § 103.50 (2001–02)[1] at least the wages contained in the schedules of minimum wage rates attached to and incorporated into the contracts. Subsections 103.50(3) and (4) require DWD to conduct investigations and hold public hearings to determine the prevailing wages for all occupations commonly employed in the highway construction industry, and to certify annually to DOT by May 1 of each year the prevailing wage rates. Under § 103.50(6), the prevailing wage rates determined by DWD must be incorporated into every contract and subcontract, with an exception that is not applicable. "The prevailing wage rates . . . applicable to a contract or subcontract may not be changed during the time the contract or subcontract is in force." Subsection (6). DOT is obligated to require adherence to these wage rates, and violations by contractors and subcontractors subject them to fines; DOT may request the district attorney to enforce the penalties. Subsections 103.50(7) and (8). In addition to the

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

DWD-certified prevailing wage rates, the contracts contained federal prevailing wage rates because some projects are funded by both state and federal funds. The contracts provided that, when both federal and state prevailing wage rates for a given classification were included, the higher of the two rates governed.

¶ 4. The dispute in this case arose when DWD deleted five subclassifications for the job of line constructor from its annual certifications for the years 1997 through 2000. Habermehl continued to use the federal prevailing wage rates for those subclassifications, which were still contained in the contracts. However, DOT determined that, for each deleted subclassification, an alternative existing classification certified by DWD was applicable, and those were higher than the federal prevailing wage rates Habermehl used. By letter dated May 25, 1999, DOT advised the prime contractor on a project and Habermehl, the subcontractor, that Habermehl was not paying the proper prevailing wage rates under that contract, and it demanded that Habermehl do so. By the end of January 2000, Habermehl paid, under protest, the wages DOT asserted were due under that contract and two others— $41,000.

¶ 5. Also in late January 2000, Habermehl requested an administrative hearing before DWD pursuant to Wis. Stat. § 103.005(6)(e),[2] seeking reinstate-

---

[2] Wisconsin Stat. § 103.005(6) provides in part:

(6) (a) All orders of the department in conformity with law shall be in force, and shall be prima facie lawful; and all such orders shall be valid and in force, and prima facie reasonable and lawful until they are found otherwise upon judicial review thereof pursuant to ch. 227 or until altered or revoked by the department.

. . . .

ment of the five subclassifications or recognition of the federal prevailing wages for them. In its petition, Habermehl alleged that DWD had acted arbitrarily and in a manner inconsistent with its own procedures in removing the five subclassifications. On April 6, 2000, DWD issued a final determination reinstating the five subclassifications effective January 1, 2001. However, that determination did not address the issue of retroactive reinstatement of those subclassifications, and DWD assigned an administrative law judge to hear that issue. Habermehl's amended petition before DWD added allegations that DWD had violated its right to due process by removing the five subclassifications; it also sought

(e) Any employer or other person interested either because of ownership in or occupation of any property affected by any such order, or otherwise, may petition for a hearing on the reasonableness of any order of the department in the manner provided in chs. 103 to 106.

(f) Such petition for hearing shall be by verified petition filed with the department, setting out specifically and in full detail the order upon which a hearing is desired and every reason why such order is unreasonable, and every issue to be considered by the department on the hearing. The petitioner shall be deemed to have finally waived all objections to any irregularities and illegalities in the order upon which a hearing is sought other than those set forth in the petition. All hearings of the department shall be open to the public.

(g) Upon receipt of such petition, if the issues raised in such petition have theretofore been adequately considered, the department shall determine the same by confirming without hearing its previous determination, or if such hearing is necessary to determine the issues raised, the department shall order a hearing thereon and consider and determine the matter or matters in question at such times as shall be prescribed . . . .

(h) Upon such investigation, if the department finds that the order complained of is unjust or unreasonable the department shall substitute for that order such other order as shall be just and reasonable.

473

retroactive reinstatement of those subclassifications, monetary relief for the amounts it had paid DOT under protest, attorney fees, and punitive damages.

¶ 6. While the proceedings were pending before DWD, Habermehl continued to use the federal prevailing wage rates for the line contractor subclassifications, and DOT made demands that Habermehl pay the amounts DOT asserted were due for other projects. Habermehl wanted DOT to suspend its efforts to compel payment under the other contracts until DWD resolved the issue of retroactive reinstatement, but DOT refused to do so. DOT's position was that Habermehl was obligated to pay what was due under the contracts and DWD did not have the authority to alter those contracts. By letter dated July 14, 2000, DOT refused Habermehl's request to allow it to escrow the disputed amounts pending resolution by DWD of the retroactive reinstatement issue. DOT demanded that Habermehl comply by September 1, 2000; if Habermehl did not, DOT would "look to the prime contractors for payment of the correct wage rates." That letter prompted Habermehl to file this action on August 31, 2000, seeking judicial review of DOT's decisions under WIS. STAT. §§ 227.52 and 227.53, a declaratory ruling that DOT's conduct violated WIS. STAT. § 103.50 and Habermehl's right to due process and equal protection, and temporary and permanent injunctive relief.

¶ 7. The circuit court denied Habermehl's motion for a temporary injunction prohibiting DOT from compelling Habermehl to pay the higher wages or sanctioning Habermehl for not doing so. The court concluded that Habermehl had not demonstrated that DWD's deletions of the five subclassifications in its certifications were in error. The court also addressed, sua sponte, whether Habermehl's request for judicial re-

view of DOT's administrative decisions was timely. It concluded that under WIS. STAT. § 227.53(1)(a)2 a petition for judicial review had to be filed within thirty days of the service of an administrative decision. It then concluded that this requirement was not met, either for the May 25, 1999 letter first informing Habermehl that it was not paying the proper prevailing wages or for the July 14, 2000 letter denying Habermehl's request to escrow funds and demanding compliance. The court invited motions for summary judgment, and both parties moved for summary judgment.

¶ 8. Meanwhile on December 8, 2000, the DWD administrative law judge issued a decision concluding that he lacked authority to retroactively reinstate the subclassifications or to grant monetary damages, because his authority under WIS. STAT. § 103.005(6) was limited to determining the reasonableness of DWD's order. Habermehl filed an action on April 10, 2001, against DWD, as well as employees of DWD and DOT, seeking damages for violations of its right to due process and to equal protection and alleging a violation of the open records law. That action was removed to federal court. The federal court dismissed the constitutional claims on summary judgment and dismissed the open records claim without prejudice.[3]

¶ 9. After the federal court action was dismissed, Habermehl sought to amend its complaint in this action to add DWD as a party. Habermehl filed this motion on November 6, 2001, after briefing on the cross-motions for summary judgment had been completed but before a decision had been rendered. Habermehl proposed to add two claims against DWD—one for review of DWD's

---

[3] *Habermehl Elec., Inc. v. Bauer*, No. 01–C–271–S, unpublished Memorandum and Order (W.D. Wis. Oct. 2, 2001).

administrative decisions removing the subclassifications for the years 1997–2000 and refusing to reinstate them for those years, and a second for violation of open records requests under WIS. STAT. § 19.35. The circuit court denied the motion to amend. The court concluded that the claim for judicial review of DWD's administrative decisions was untimely and it was therefore futile to add that claim, and the open records claim was not related factually or legally to the claim against DOT.[4]

¶ 10. In the same written decision, the circuit court granted DOT's motion for summary judgment, denied Habermehl's motion, and dismissed the complaint against DOT. The court concluded that WIS. STAT. § 227.40 was the exclusive means of obtaining review of the validity of DWD's certification and that DWD was a necessary party for that purpose. DOT was not a proper party, the court stated, because DWD, not DOT, had omitted the five subclassifications from the certifications. The court also ruled that Habermehl had not timely commenced an action under § 227.40 against either agency. As an independent ground for its decision, the court ruled that WIS. STAT. § 103.50(2) required that DOT comply with DWD's certifications. Finally, the court concluded that the equal protection

---

[4] In its conclusion regarding the open records claim, the court relied on WIS. STAT. § 803.04(1), which provides:

> Joinder of parties in one action is permitted if there is asserted against them, jointly, severally or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of fact or law common to all defendants will arise in the action.

Habermehl does not argue on appeal that the court erroneously exercised its discretion in denying permission to add the open records claim, and therefore we do not review that aspect of the court's decision.

and due process violations that Habermehl asserted were based on the actions of DWD, not DOT, and the summary judgment in the federal action on those claims had preclusive effect.

¶ 11. After the circuit court issued this decision, Habermehl filed another action against DOT, which had continued to attempt to collect wages from Habermehl that DOT considered due under contracts that had been entered into after those that are the subject of this action. That action and this action have been stayed pending resolution of this appeal.

## DISCUSSION

*Motion to add DWD*

¶ 12. We consider first whether the circuit court erroneously exercised its discretion in denying Habermehl's motion to amend its complaint to add DWD as a party. Any amendment filed more than six months after the filing of the summons and complaint may occur only with the circuit court's permission. WIS. STAT. § 802.09(1). Whether to grant permission is committed to the circuit court's discretion, and we affirm discretionary decisions if the court applied the correct law to the relevant facts and reaches a reasonable result through a rational process. *Gosse v. Navistar Int'l Transp. Corp.*, 2000 WI App 8, ¶ 16, 232 Wis. 2d 163, 174, 605 N.W.2d 896. When the circuit court's exercise of discretion depends upon an interpretation of a statute, we review that legal issue de novo. *Goff v. Seldera*, 202 Wis. 2d 600, 616, 550 N.W.2d 144 (Ct. App. 1996).

¶ 13. Habermehl argues that DWD should have been joined because it is a necessary party to this action under WIS. STAT. § 803.03(1) in that DOT has no author-

ity to change the contracts once executed and therefore complete relief cannot be granted without DWD.[5] According to Habermehl, the court erred in concluding that the claim for judicial review of DWD's administrative decision was untimely, and therefore it erroneously exercised its discretion in not allowing the amendment to the complaint. Habermehl's position is that the hearing before DWD was a contested case hearing, and therefore the December 8, 2000 decision should have contained notice as required by Wis. Stat. §§ 227.48(2) and 227.53(1)(a)2 that Habermehl had thirty days from service of the decision to file a petition for judicial review.[6] Since the decision did not contain

---

[5] Wisconsin Stat. § 803.03(1) provides:

**Joinder of persons needed for just and complete adjudication. (1)** Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if:

(a) In the person's absence complete relief cannot be accorded among those already parties; or

(b) The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:

1. As a practical matter impair or impede the person's ability to protect that interest; or

2. Leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his or her claimed interest.

[6] Wisconsin Stat. § 227.48(2) provides:

(2) Each decision shall include notice of any right of the parties to petition for rehearing and administrative or judicial review of adverse decisions, the time allowed for filing each petition and identification of the party to be named as respondent. No time period specified under s. 227.49 (1) for filing a petition for rehearing, under s. 227.53 (1) (a) for filing a petition for judicial

478

that notice, Habermehl continues, no time period began to run for review of that decision.

¶ 14. DOT agrees that DWD is a necessary party to this action, but asserts that the circuit court correctly concluded that adding DWD as a party for purposes of reviewing DWD's administrative decision would be futile. DOT first asserts that the exclusive means for challenging the validity of DWD's certifications is a declaratory judgment against DWD under WIS. STAT. § 227.40(1) and that Habermehl has waived the right to do so because it did not comply with the time requirements in § 227.40(3).[7] Alternatively, DOT

---

review or under any other section permitting administrative review of an agency decision begins to run until the agency has complied with this subsection.

WISCONSIN STAT. § 227.53(1)(a)2 provides:

2. Unless a rehearing is requested under s. 227.49, petitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties under s. 227.48.

[7] WISCONSIN STAT. § 227.40(3) provides:

(3) In any judicial proceeding other than one set out above, in which the invalidity of a rule is material to the cause of action or any defense thereto, the assertion of such invalidity shall be set forth in the pleading of the party so maintaining the invalidity of such rule in that proceeding. The party so asserting the invalidity of such rule shall, within 30 days after the service of the pleading in which the party sets forth such invalidity, apply to the court in which such proceedings are had for an order suspending the trial of said proceeding until after a determination of the validity of said rule in an action for declaratory judgment under sub. (1) hereof.

(a) Upon the hearing of such application if the court is satisfied that the validity of such rule is material to the issues of the case, an order shall be entered staying the trial of said proceeding until the rendition of a final declaratory judgment in proceedings to be instituted forthwith by the party asserting the invalidity of such rule. If the court shall find that the asserted

contends that the time period for appealing DWD's December 8, 2000 decision was six months, and Habermehl's motion to amend the complaint to appeal that decision was not filed within that time period.

¶ 15. We agree with Habermehl that it had the option under WIS. STAT. § 227.40(2)(e) of challenging the validity of the certifications by requesting a hearing before DWD and then seeking judicial review of that decision. However, we conclude that whether or not the proceeding before DWD was a contested case, in the absence of notice of the time for filing a petition for judicial review under WIS. STAT. § 227.53(1)(a)2, the time period for doing so was six months. Since Habermehl did not file a petition for judicial review of DWD's December 8, 2000 decision within six months, any claim added to the complaint for judicial review of that decision would be subject to dismissal.

¶ 16. The statutory language clearly provides the procedure for a court challenge to the validity of DWD's determination of prevailing wage rates under WIS. STAT.

invalidity of a rule is not material to the case, an order shall be entered denying the application for stay.

(b) Upon the entry of a final order in said declaratory judgment action, it shall be the duty of the party who asserts the invalidity of the rule to formally advise the court of the outcome of the declaratory judgment action so brought as ordered by the court. After the final disposition of the declaratory judgment action the court shall be bound by and apply the judgment so entered in the trial of the proceeding in which the invalidity of the rule is asserted.

(c) Failure to set forth invalidity of a rule in a pleading or to commence a declaratory judgment proceeding within a reasonable time pursuant to such order of the court or to prosecute such declaratory judgment action without undue delay shall preclude such party from asserting or maintaining such rule is invalid.

§ 103.50. Under Wis. Stat. § 227.01(13)(t), the action or inaction of an agency that ascertains and determines prevailing wage rates under § 103.50 is not a rule, "except that any action or inaction which ascertains and determines prevailing wage rates under ... s. 103.50 ... is subject to judicial review under s. 227.40." Wisconsin Stat. § 227.40(1) and (2)(e) provide in part:

> (1) Except as provided in sub. (2), the exclusive means of judicial review of the validity of a rule shall be an action for declaratory judgment as to the validity of such rule brought in the circuit court for Dane County. The officer, board, commission or other agency whose rule is involved shall be the party defendant . . . . The court shall render a declaratory judgment in such action only when it appears from the complaint and the supporting evidence that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights and privileges of the plaintiff. A declaratory judgment may be rendered whether or not the plaintiff has first requested the agency to pass upon the validity of the rule in question.

> (2) The validity of a rule may be determined in any of the following judicial proceedings when material therein:

> . . . .

> (e) Proceedings under ... ss. 227.52 to 227.58 ... for review of decisions and orders of administrative agencies if the validity of the rule involved was duly challenged in the proceeding before the agency in which the order or decision sought to be reviewed was made or entered.

¶ 17. Under the plain language of Wis. Stat. § 227.40(1), Habermehl was not obligated to file an action for a declaratory judgment against DWD to

481

challenge its deletion of the five subclassifications in its certifications of prevailing wage rates for 1997–2000. Under § 227.40(2)(e), Habermehl was entitled to request a hearing before DWD to make that challenge, as it did, and then seek judicial review of DWD's decision as provided in WIS. STAT. §§ 227.52–227.58. We see no support in the plain language of the statute for DOT's position that Habermehl's exclusive remedy for challenging DWD's actions was an action for declaratory judgment against DWD.[8] We therefore do not address DOT's argument that Habermehl waived the right to seek a declaratory judgment against DWD.[9] Instead, we turn to the issue of the requirements for seeking judicial review of DWD's administrative decision.

---

[8] We observe that WIS. STAT. § 103.005(8) provides:

(8) (a) No action, proceeding or suit to set aside, vacate or amend any order of the department or to enjoin the enforcement of an order of the department shall be brought unless the plaintiff has applied to the department for a hearing on the order at the time and as provided in sub. (6) (e) to (i), and has, in the petition for the hearing under sub. (6), raised every issue raised in the action, proceeding or suit to set aside, vacate, amend or enjoin the enforcement of the order of the department.

(b) In a prosecution for the violation of an order of the department, the order of the department shall be conclusively presumed to be just, reasonable and lawful, unless prior to the beginning of the prosecution for the violation a proceeding for judicial review of such order has been instituted as provided in ch. 227.

Neither party mentions this section. Accordingly, we do not address the interaction of this section with WIS. STAT. §§ 227.01(13)(t) and 227.40.

[9] Specifically, we do not decide whether WIS. STAT. § 227.40(3)(c) applies to an action for declaratory judgment under subsec. (1).

¶ 18. Any administrative decision is subject to review as provided in WIS. STAT. ch. 227 if it "adversely affects the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form," with certain exceptions not applicable here. WIS. STAT. § 227.52. However, the time period within which judicial review must be sought depends on whether an agency proceeding is a contested case. If a proceeding is a contested case, then the decision must include notice of the right of the parties to petition for judicial review, and that time period is thirty days from the service by the agency on the parties. WIS. STAT. §§ 227.48(2) and 227.53(1)(a)2. However, neither the requirement in § 227.48(2) of notice of the right to judicial review nor the thirty days provided in § 227.53(1)(a) for filing a petition for judicial review applies when the administrative proceeding is not a contested case. *Collins v. Policano*, 231 Wis. 2d 420, 435, 605 N.W.2d 260 (Ct. App. 1999); *Hedrich v. Bd. of Regents of Univ. of Wisconsin*, 2001 WI App. 228, ¶ 25, 248 Wis. 2d 204, 216, 635 N.W.2d 650. Since there is no statutory time limit for filing a petition for judicial review when the administrative proceeding is not a contested case, we have adopted the six-month "default limitation" for those cases.[10] *Hedrich*, 2001 WI App at ¶ 25.

---

[10] *Hedrich* was decided while this case was pending in the circuit court. We issued *Hedrich* after briefing on the cross-motions for summary judgment was completed and shortly before the circuit court issued its written decision on those motions. However, *Hedrich* was apparently not brought to the circuit court's attention until briefing on Habermehl's motion for a stay pending appeal. In ruling on that motion, the court indicated that even with a six-month time period, as provided in *Hedrich*, the complaint seeking judicial review of DOT's deci-

¶ 19. The parties' disagreement over whether the proceeding before DWD was a contested case stems from their differing views on the application of the statutory definition to hearings requested under Wis. Stat. § 103.005(6)(e). A "contested case" is defined as an agency proceeding "in which the assertion of by one party of any substantial interest is denied or controverted by another party and in which, after a hearing required by law, a substantial interest of a party is determined or adversely affected by a decision or order." Wis. Stat. § 227.01(3).[11] Habermehl argues that a hearing before DWD in this case was "required by law" because § 103.005(6)(g) provides:

sions was untimely. However, the court did not expressly apply *Hedrich* to the proposed amendment seeking judicial review of DWD's decision.

[11] WISCONSIN STAT. § 227.01(3) provides in full:

(3) "Contested case" means an agency proceeding in which the assertion by one party of any substantial interest is denied or controverted by another party and in which, after a hearing required by law, a substantial interest of a party is determined or adversely affected by a decision or order. There are 3 classes of contested cases as follows:

(a) A "class 1 proceeding" is a proceeding in which an agency acts under standards conferring substantial discretionary authority upon it. "Class 1 proceedings" include rate making, price setting, the granting of a certificate of convenience and necessity, the making, review or equalization of tax assessments and the granting or denial of a license.

(b) A "class 2 proceeding" is a proceeding in which an agency determines whether to impose a sanction or penalty against a party. "Class 2 proceedings" include the suspension or revocation of or refusal to renew a license because of an alleged violation of law. Any proceeding which could be construed to be both a class 1 and a class 2 proceeding shall be treated as a class 2 proceeding.

(c) A "class 3 proceeding" is any contested case not included in class 1 or class 2.

(g) Upon receipt of such petition, if the issues raised in such petition have theretofore been adequately considered, the department shall determine the same by confirming without hearing its previous determination, or if such hearing is necessary to determine the issues raised, the department shall order a hearing thereon and consider and determine the matter or matters in question at such times as shall be prescribed.

DOT responds that DWD has the discretion under § 103.005(6)(g) to grant a hearing and therefore a hearing is not required by law. DOT also relies on WIS. STAT. § 227.42. This section specifies the circumstances under which there is a right, in addition to any other provided by law, to a hearing upon request, and such hearing is to be treated as a contested case. Section 227.42(1). However, there is a specific exclusion for "actions where hearings at the discretion of the agency are expressly authorized by law." Section 227.42(3).

¶ 20. We find it unnecessary to decide whether the proceeding before DWD was a contested case. Assuming it is, we reject Habermehl's contention that the result is that no time limit applies for petitioning for judicial review. Habermehl bases its argument on the language of WIS. STAT. § 227.48(2), which requires that decisions contain notice of the time for judicial review and provides that "no time period . . . under s. 227.53(1)(a) for filing a petition for judicial review . . . begins to run until the agency has complied with this subsection." Since the December 8, 2000 decision of the ALJ did not provide notice of the thirty-day time period under § 227.53(1)(a)2 for petitioning for judicial review in a contested case, Habermehl asserts that no time period had begun to run. However, this interpretation of

§ 227.48(2) ignores the plain language of the statute. The language does not allow "the time period . . . specified under s. 227.53(1)(a) . . . . [to] begin . . . to run" if notice of it is omitted on the decision; but the language does not prohibit all time limits from applying. Therefore, we are free to apply the six-month "default limitation."

¶ 21. We adopt the six-month "default limitation" in this situation for the following reasons. As we explained in *Collins*, when a statute does not provide for a specific time period for requesting judicial review of an agency decision, the courts have established six months as the "default limitation." *Collins*, 231 Wis. 2d at 437. The rationale is that when a statute does not prescribe the time within which the right to review must be exercised, that right must be exercised within a reasonable time, and six months has been established as reasonable. *State ex rel. Casper v. Bd. of Trustees of Wisconsin Retirement Fund*, 30 Wis. 2d 170, 174, 140 N.W.2d 301, 303 (1966). In *Hedrich*, we adopted the six-month default limitation for requesting judicial review under Wis. Stat. ch. 227 of agency decisions in proceedings that are not contested cases, because ch. 227 did not provide a time period. *Hedrich*, 2001 WI App 228 at ¶ 25. We see no reason for distinguishing between judicial review of a decision in an uncontested case, when the decision does not inform the party of the right to judicial review and the time period for seeking it, and judicial review of a decision in a contested case when the decision does not contain notice that the party must seek judicial review within thirty days, as required by Wis. Stat. § 227.48(2). In both situations the parties have a right to judicial review under ch. 227; in both situations the agencies' decisions do not inform the parties of the right to judicial review or the applicable

486

time period; in both situations ch. 227 does not supply a time period; and in both situations it is reasonable and necessary to have a time period. We reject as unreasonable Habermehl's position that, if an agency should have provided notice in its decision that there were thirty days to seek judicial review but the agency did not do so, then there is no time limitation.

¶ 22. Accordingly, we conclude that, even if the proceeding before the DWD was a contested case, in the absence of notice of the thirty-day time period for judicial review as provided in WIS. STAT. §§ 227.48(2) and 227.53(1)(a)2, Habermehl had six months from the date of the December 8, 2000 decision to file a petition for judicial review of that decision. Habermehl's motion seeking to amend the complaint to add DWD and to add a request for judicial review of its decision was filed five months after the expiration of that six-month period. Accordingly, the court's conclusion that the amendment would be futile, although based on a different analysis, was correct.

■

¶ 23. Habermehl presents two alternative arguments for allowing the amendment to the complaint to add a claim for judicial review of DWD's decision even though its request for judicial review was not filed within the applicable time period. First, Habermehl contends that under WIS. STAT. § 802.09(3), the amendment should relate back to the filing of the complaint. Subsection (3) provides:

> **(3)** RELATION BACK OF AMENDMENTS. If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against

whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

¶ 24. DOT contends that WIS. STAT. § 802.09(3) does not apply to petitions for judicial review under WIS. STAT. ch. 227. We need not address that broad argument, because subsec. (3) is plainly inapplicable in this case. At the time Habermehl filed the complaint against DOT, DWD had not yet issued its December 8, 2000 decision. It is simply not logical that an amendment seeking judicial review of an administrative decision can relate back to a complaint filed before the decision was issued.

■

¶ 25. Second, Habermehl requests that we use our discretionary power of reversal under WIS. STAT. § 752.35[12] because, it asserts, the real controversy has not been tried. However, as DOT points out, the su-

---

[12] WISCONSIN STAT. § 752.35 provides:

**Discretionary reversal.** In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

preme court has held that the analogous statute granting that court the discretionary power of reversal does not apply to proceedings for judicial review under Wis. Stat. ch. 227. *Chicago & N.W.R.R. v. LIRC*, 98 Wis. 2d 592, 611–13, 297 N.W.2d 819 (1980). We therefore conclude that § 752.35 does not apply to proceedings for judicial review under ch. 227.

¶ 26. Habermehl also appears to argue that, even if the claim for judicial review of DWD's decision is time-barred, the circuit court should have permitted it to add DWD for the purposes of pursuing its constitutional claims against DWD. We are uncertain whether Habermehl developed this argument in the circuit court in a manner that sufficiently brought it to the circuit court's attention, but we address it nonetheless.

¶ 27. Habermehl's proposed amendment did not add anything to the constitutional claims alleged in the original complaint. The due process claim alleged in the original complaint was based on the removal of the five subclassifications, which was alleged to be arbitrary and a violation of Wis. Stat. § 103.50. Although the complaint attributed this conduct to DOT, based on Habermehl's briefs in the circuit court, we understand Habermehl sought to add DWD as a party because it recognized that DWD, not DOT, is the agency that removed the five subclassifications and is the agency charged with certifying the prevailing wages under § 103.50. As developed in its briefs in the circuit court, Habermehl's due processes claim is that it was deprived of its property—the additional sums it had to pay DOT—because DWD removed the five subclassifications in violation of subsec. 103.50(3) and (4) and then arbitrarily delayed in reinstating them. However, the federal court has already decided this precise issue

against Habermehl: it ruled that Habermehl did not have a property interest in any particular classification under § 103.50 and therefore had no protectible property interest in the $41,000 DOT demanded Habermehl pay.[13] In the context of deciding the summary judgment motion in this case, the circuit court recognized that the federal court judgment had a preclusive effect on the same constitutional claims in this action, and we agree with that conclusion.

¶ 28. Under the doctrine of claim preclusion, a prior action on a claim bars a subsequent action on the same claim when there is an identity of parties or their privies between the prior action and the present action and there was a final judgment on the merits in the prior action. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550–51, 525 N.W.2d 723 (1995).[14] Whether claim preclusion applies in a given factual scenario is a question of law, which this court reviews de novo. *Id.* at 551.

¶ 29. Habermehl asserts that we should disregard the federal court judgment on Habermehl's due process claim because the federal court decision involved con-

---

[13] When a person claims he or she was deprived of property without due process of law in violation of the Fourteenth Amendment, the issue of whether there is a protectible property interest depends on whether a state statute or regulation creates such an interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

[14] The claim sought to be litigated in the present action need not have been actually litigated in the prior action as long as it could have been litigated in that action. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995). In this case, the due process claim against DWD was actually litigated in the federal action.

sideration of a Wisconsin statute, and Wisconsin courts are not bound by federal court construction of Wisconsin statutes. However, Habermehl has cited no authority for the proposition that preclusion doctrines do not apply in Wisconsin courts to federal court determinations or judgments simply because they involve Wisconsin statutes. Indeed, we generally apply preclusion doctrines to prior federal court actions just as we do to prior state court actions. *See Moore v. LIRC*, 175 Wis. 2d 561, 565, 499 N.W.2d 288 (Ct. App. 1993). Habermehl presents no persuasive argument for not doing so here.[15]

¶ 30. The equal protection claim alleged in the complaint was based on DOT's alleged differential treatment of Habermehl as compared to other contractors in compelling payment. Habermehl did not explain in the circuit court and does not explain in this court why it needs to add DWD as a party with respect to that claim. The equal protection claim Habermehl asserted against DWD, which was decided adversely to Habermehl by the federal court, was a different claim: that DWD took longer to act on its reinstatement request than it did to act on other contemporaneous reinstatement requests. Even if we overlooked the fact that this equal protection claim against DWD cannot be gleaned from the original compliant in this action and was not

---

[15] DOT argues that issue preclusion bars relitigation in this action of Habermehl's due process claim. Issue preclusion is a narrower doctrine than claim preclusion and bars the relitigation of issues of law or fact that have actually been litigated in a prior action; an identity of parties or their privies is not required, but courts must apply a fundamental fairness analysis. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995). Our conclusion would be the same under the doctrine of issue preclusion.

contained in Habermehl's proposed amended complaint against DWD, we would conclude that the doctrine of claim preclusion bars relitigation of this claim, for the same reasons the doctrine bars relitigation of the due process claim.

¶ 31. Accordingly, we conclude the circuit court did not erroneously exercise its discretion in denying Habermehl's motion to amend its complaint to add DWD as a party and to add a claim for judicial review of DWD's December 8, 2000 administrative decision. The amendment would have been futile. The claim for judicial review would have been subject to dismissal as time-barred and the constitutional claims against DWD that Habermehl apparently seeks to pursue would have been subject to dismissal based on the doctrine of claim preclusion.

*Dismissal of Complaint Against DOT*

¶ 32. The only argument Habermehl makes regarding dismissal of its complaint against DOT is that the circuit court erred in concluding the claim for judicial review of DOT's administrative decisions was untimely. Habermehl contends that its complaint was timely for judicial review of DOT's July 14, 2000 letter because it was filed within six months of that letter. Even if Habermehl is correct on this point, Habermehl does not explain how a judicial review of that decision would entitle it to a review of the correctness of DWD's removal of the five subclassifications. Elsewhere in its brief, as we have noted above, Habermehl has conceded that DWD is a necessary party because, in Habermehl's words, "DOT has no authority to change DWD's List." This was one of the independent grounds on which the circuit court dismissed the complaint against DOT. Habermehl develops no argument on appeal that ex-

plains what relief it seeks from DOT that does not depend on adding DWD as a party. Since, as we have already held, the circuit court properly denied Habermehl's motion to add DWD as a party, we conclude the circuit court properly dismissed the complaint against DOT.

*By the Court.*—Judgment affirmed.