COURT OF APPEALS
DECISION
DATED AND FILED

July 23, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1619**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV270

IN COURT OF APPEALS
DISTRICT II

RON SCHILLING,

PLAINTIFF-APPELLANT,

WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND,

PLAINTIFF,

V.

AGNESIAN HEALTHCARE FOND DU LAC REGIONAL CLINIC MAIN, MMIC GROUP INSURANCE, JOHN DOE AND JANE DOE,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Sheboygan County: SAMANTHA R. BASTIL, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Ron Schilling appeals pro se from a circuit court order granting summary judgment to Agnesian Healthcare Fond du Lac Regional Clinic Main, et al. He challenges the grant of summary judgment as well as rulings on multiple motions. For the reasons that follow, we affirm.

¶2 Schilling is a 74-year-old inmate in the custody of the Wisconsin Department of Corrections (DOC). While an inmate, he underwent a medical procedure known as venous ablation at the Agnesian Healthcare Fond du Lac Regional Clinic Main ("Agnesian").

¶3 The medical procedure was completed successfully, but Schilling contends that he developed an infection soon thereafter. After hearing through the "prison grapevine" that other inmates had experienced infection following surgery at the same clinic, Schilling filed a medical malpractice action against several defendants, including Agnesian. He accused Agnesian of failing to adequately comply with infection control guidelines and maintain a sterile operating field for his procedure.

¶4 Schilling filed his medical malpractice action in Dane County; however, he was incarcerated in Sheboygan County at the time. Accordingly, Agnesian moved to change venue pursuant to WIS. STAT. § 655.009(3) (2023-24).[1]

---

[1] WISCONSIN STAT. § 655.009(3) governs venue in medical malpractice actions and provides in relevant part: "Venue in a court action under this chapter is in the county where the claimant resides if the claimant is a resident of this state…." All references to the Wisconsin Statutes are to the 2023-24 version.

The Dane County Circuit Court granted the motion, and the matter was transferred to Sheboygan County.

¶5    The Sheboygan County Circuit Court subsequently issued a scheduling order that set a deadline for Schilling to identify and produce a written report of any expert witness that he intended to call at trial. When Schilling failed to comply with the order, Agnesian moved for summary judgment.

¶6    Shortly after Agnesian's motion for summary judgment, Schilling filed an amended complaint, which attempted to add a new claim concerning Agnesian's alleged failure to obtain "informed consent" under WIS. STAT. § 448.30.[2] Agnesian moved to strike the amended complaint.

¶7    Ultimately, the circuit court granted both Agnesian's motion for summary judgment and its motion to strike the amended complaint. The court determined that Schilling's action could not go forward without expert testimony. It further determined that Agnesian could not be held liable under WIS. STAT. § 448.30 as a matter of law. Schilling now appeals.

¶8    On appeal, Schilling challenges the grant of summary judgment as well as rulings on multiple motions (i.e., the motion to change venue, the motion

---

[2] WISCONSIN STAT. § 448.30 provides in relevant part:

> Any physician who treats a patient shall inform the patient about the availability of reasonable alternate medical modes of treatment and about the benefits and risks of these treatments. The reasonable physician standard is the standard for informing a patient under this section. The reasonable physician standard requires disclosure only of information that a reasonable physician in the same or a similar medical specialty would know and disclose under the circumstances.

3

to strike the amended complaint, and several other motions explained below). We begin our discussion with the grant of summary judgment.

¶9    We review a grant of summary judgment de novo, applying the same standard as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315-17, 401 N.W.2d 816 (1987). Summary judgment is appropriate if there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

¶10    To prevail in a medical malpractice action, "the plaintiff must establish the standard of care, show that the defendant failed to conform to the standard of care, and prove that the defendant's failure to conform to the standard caused the plaintiff's injury." *Carney-Hayes v. Northwest Wis. Home Care, Inc.*, 2005 WI 118, ¶37, 284 Wis. 2d 56, 699 N.W.2d 524. Expert testimony relating to the standard of care is required, except when a layperson's common knowledge would be sufficient to determine negligence.[3] *Christianson v. Downs*, 90 Wis. 2d 332, 338, 279 N.W.2d 918 (1979).

¶11    Given this general requirement for expert testimony, the plaintiff in a medical malpractice action must, as a general rule, proffer an expert opinion to avoid summary judgment in favor of the defendant. *See Kasbaum v. Lucia*, 127 Wis. 2d 15, 18-20, 22-23, 377 N.W.2d 183 (Ct. App. 1985) (concluding that summary judgment in favor of defendants was appropriate when the plaintiff

---

[3] For example, expert testimony may be unnecessary to determine negligence "where a sponge or surgical instrument was left in an incision or where the wrong organ or other body part was removed in surgery." *Christianson v. Downs*, 90 Wis. 2d 332, 339, 279 N.W.2d 918 (1979).

offered no expert testimony); *see also **Kinnick v. Schierl, Inc.***, 197 Wis. 2d 855, 862, 541 N.W.2d 803 (Ct. App. 1995) ("Because appellants lack the necessary expert testimony, we conclude that no factual issues remain to be tried, and [the respondent] is entitled to summary judgment….").

¶12    In this case, Schilling did not proffer an expert opinion to avoid summary judgment.  Indeed, he insists that no such opinion was necessary.  We disagree.  As explained by the circuit court, the standard of care applicable to Agnesian in terms of infection control is not a question that "reasonably lie[s] within the realm of the ordinary experience of a lay juror."  Moreover, Schilling's allegations, including the alleged causal link between his medical procedure and infection, involve "complex questions requiring specialized knowledge or skill …."  Accordingly, we conclude that the general requirement for expert opinion applied.  Because Schilling failed to produce an expert opinion, the court properly granted Agnesian's motion for summary judgment.

¶13    We turn next to the circuit court's ruling on Agnesian's motion to change venue.  We review a decision on such a motion for an erroneous exercise of discretion.  *See **State v. Hereford***, 224 Wis. 2d 605, 612, 592 N.W.2d 247 (Ct. App. 1999).

¶14    Here, we are satisfied that the circuit court properly exercised its discretion in granting Agnesian's motion to change venue.  In its decision, the court cited WIS. STAT. § 655.009(3), which governs venue in medical malpractice actions.  That statute requires venue to be "in the county where the claimant resides if the claimant is a resident of this state…."  ***Id.***  It is undisputed that Schilling was residing in Sheboygan County at the time he filed his action.

Therefore, the court's decision to transfer the case to Sheboygan County was appropriate.

¶15    We turn next to the circuit court's ruling regarding Schilling's amended complaint.  The decision to permit or reject an amended complaint is also reviewed for an erroneous exercise of discretion.  *See Mach v. Allison*, 2003 WI App 11, ¶20, 259 Wis. 2d 686, 656 N.W.2d 766.

¶16    Again, we are satisfied that the circuit court properly exercised its discretion in rejecting Schilling's amended complaint.  As noted, the amended complaint attempted to add a new claim concerning Agnesian's alleged failure to obtain "informed consent" under WIS. STAT. § 448.30.  Because that statute applies only to treating physicians,[4] the court correctly concluded that Agnesian could not be held liable under it.  Rejecting an amended complaint because the new claim is futile and cannot succeed as a matter of law is a proper exercise of discretion.  *See Habermehl Elec., Inc. v. DOT*, 2003 WI App 39, ¶31, 260 Wis. 2d 466, 659 N.W.2d 463.

¶17    Finally, we turn to several other motions filed by Schilling during the course of the litigation.  These include a motion for mediation, a motion for discovery, a motion for an audiovisual hearing, a motion for an enlargement of time,[5] a motion to preclude certain evidence at trial, and a motion for judgment

---

[4] *See Mathias v. St. Catherine's Hosp., Inc.*, 212 Wis. 2d 540, 549, 569 N.W.2d 330 (Ct. App. 1997) (noting that, in codifying the informed consent doctrine in WIS. STAT. § 448.30, the legislature limited application of the duty to obtain informed consent to treating physicians).

[5] The motion for an enlargement of time sought a new deadline of July 18, 2022, to comply with the scheduling order.  At the time of the circuit court's August 12, 2022 ruling on summary judgment, Schilling still had not done so.

against unnamed DOC defendants.[6]  Schilling complains that the circuit court's failure to address the motions caused him prejudice.

¶18     None of the motions cited by Schilling provide any basis to disturb the circuit court's grant of summary judgment in favor of Agnesian.  That is, none of the motions change the fact that Schilling never obtained the required expert testimony to allow his medical malpractice action to go forward.  Accordingly, we affirm.[7]

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] Schilling also filed a motion for "court-ordered expert witness testimony."  That motion appears to be related to Schilling's attempt to compel certain discovery responses from Agnesian, rather than to actually compel expert witness testimony.  In any event, Schilling cites no legal authority that would require a court to compel expert witness testimony on his behalf.

[7] To the extent we have not addressed an argument raised by Schilling on appeal, the argument is deemed rejected.  *See* ***State v. Waste Mgmt. of Wis., Inc.***, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).