ESTATE OF John D. RILEY, by Joanne Riley as Special Administrator of the Estate of John D. Riley, Plaintiff-Respondent,†

v.

FORD MOTOR COMPANY, Defendant-Appellant,†

FRANK BOUCHER LINCOLN-MERCURY OF WAUKESHA, LLC, Defendant.

Court of Appeals

*No. 00–2977. Submitted on briefs August 3, 2001.—Decided September 12, 2001.*

2001 WI App 234

(Also reported in 635 N.W.2d 635.)

† Petitions to review denied 1-29-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patrick L. Wells* of *Crivello, Carlson, Mentkowski & Steeves, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William S. Pocan* of *Jastroch & LaBarge, S.C.*, Waukesha.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. ANDERSON, J.    This is a Lemon Law case. Ford Motor Company (Ford) appeals from a judgment of the trial court holding that Ford violated Wisconsin's Lemon Law with regard to John D. Riley and his 1998 Lincoln Town Car. Because we agree with the trial court that under WIS. STAT. § 218.015 (1997–98)[1] Ford violated the requirement to provide Riley with a refund no later than the thirty-day time limit, we affirm this part of the decision. However, because we disagree with the

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version. This section has been renumbered in the 1999–2000 version as WIS. STAT. § 218.0171.

trial court's inclusion of the "current value of the written lease" in the damages award, we reverse this portion of the decision.

## Facts

¶ 2. Riley dealt with Frank Boucher Lincoln-Mercury of Waukesha, LLC (Boucher) in leasing his vehicle. Boucher is an authorized "motor vehicle dealer" and an agent of the "manufacturer" Ford. *See* WIS. STAT. § 218.015(1)(e), (c). Riley experienced problems with his leased vehicle and, after taking the statutorily required efforts to allow Boucher to bring the vehicle up to satisfactory standards, he demanded a refund from Ford. *See* § 218.015(2)(a), (b). Riley's demand for a refund was made on Friday, January 29, 1999. Thirty days from the date of Riley's demand fell on Sunday, February 28, 1999. On Monday, March 1, 1999, Ford faxed a letter to Riley's lawyer indicating that a refund had been forwarded to the sales manager of Boucher.[2] Ford argues that if it sent a refund to Boucher by March 1, 1999, it satisfied the time-limit requirements under the Lemon Law.[3] Ford also argues that the provisions for computing time in WIS. STAT. § 990.001(4)(a) and

---

[2] Whether Boucher's sales manager even received Riley's refund check on March 1, 1999, as Ford contends, is not clear from our review of the record; however, under our analysis, we need not clarify this issue.

[3] Again, there appears to be no evidence in the record that a refund check was in fact at Boucher's on or before March 1, 1999; however, even if this evidence existed, it would not factor into our decision for the reasons we discuss in our analysis.

(b)[4] apply to Wisconsin's Lemon Law and make the thirtieth day fall on Monday, March 1, 1999.

¶ 3.   Before trial, the parties stipulated that Riley's leased vehicle was a "lemon." Ford filed a motion in limine with a request for a protective order seeking to preclude Riley from proceeding under the theory that Ford failed to provide Riley a refund within thirty days. In Riley's response to Ford's motion in limine, he argued that even if March 1, 1999, is the compliance date, Ford did not provide a refund to Riley on or before March 1, 1999. Riley correctly stated that "[i]f the refund was not *provided* to the consumer within the statutory period, the lemon law has been violated regardless of whatever intentions the manufacturer may or may not have had in the way of compliance."

¶ 4.   After a hearing on Ford's motion in limine, the trial court concluded that Ford did not comply with the requirements of Wisconsin's Lemon Law. Based upon the trial court's conclusions and the stipulations of the parties, the only remaining issue for trial was the amount to be paid to Riley by Ford. On July 25 and 26, 2000, a jury trial was held. Following the jury's verdict in his favor, Riley brought a motion for an order for

___

[4] WISCONSIN STAT. § 990.001(4) deals with how time is to be computed when construing a statute. This section provides in relevant part that:

(a) The time within which an act is to be done or proceeding had or taken shall be computed by excluding the first day and including the last; and when any such time is expressed in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded.

(b) If the last day within which an act is to be done or proceeding had or taken falls on a Sunday or legal holiday the act may be done or the proceeding had or taken on the next secular day.

judgment seeking twice the amount of pecuniary loss, attorney's fees and costs pursuant to WIS. STAT. § 218.015(7). Riley also sought damages related to the current value of the written lease. The trial court issued a judgment awarding Riley approximately $100,000, which included the current value of the written lease.

## Law

¶ 5.   Wisconsin's Lemon Law statute requires that when the manufacturer of a nonconforming vehicle (a lemon) receives an offer from the consumer to transfer title of that vehicle to that manufacturer, that manufacturer shall provide the consumer with a refund or a comparable new motor vehicle no later than thirty days after the consumer's offer. WIS. STAT. § 218.015(2)(c).

¶ 6.   Wisconsin's Lemon Law provides in part:

(a) If a new motor vehicle does not conform to an applicable express warranty and the consumer reports the nonconformity to the manufacturer, the motor vehicle lessor or any of the manufacturer's authorized motor vehicle dealers and makes the motor vehicle available for repair before the expiration of the warranty or one year after first delivery of the motor vehicle to a consumer, whichever is sooner, the nonconformity shall be repaired.

(b) 1. If after a reasonable attempt to repair the nonconformity is not repaired. . . .

. . . .

3. a. [w]ith respect to a consumer [who leases a motor vehicle from a motor vehicle lessor under a written lease] [the manufacturer shall] accept return of the motor vehicle, refund to the motor vehicle lessor

198

and to any holder of a perfected security interest in the motor vehicle, as their interest may appear, the current value of the written lease and refund to the consumer the amount the consumer paid under the written lease plus any sales tax and collateral costs, less a reasonable allowance for use.

. . . .

(c) To receive a comparable new motor vehicle or a refund due under par. (b) 1. or 2., a consumer described under sub. (1)(b) 1., 2. or 3. shall offer to the manufacturer of the motor vehicle having the nonconformity to transfer title of that motor vehicle to that manufacturer. No later than 30 days after that offer, the manufacturer shall provide the consumer with the comparable new motor vehicle or refund. When the manufacturer provides the new motor vehicle or refund, the consumer shall return the motor vehicle having the nonconformity to the manufacturer and provide the manufacturer with the certificate of title and all endorsements necessary to transfer title to the manufacturer.

WIS. STAT. § 218.015(2).

## Analysis

¶ 7.   This case involves statutory interpretation, a question of law requiring de novo review. *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 978, 542 N.W.2d 148 (1996). Ford argues two issues on appeal. First, Ford contends that the provisions for computing time found in WIS. STAT. § 990.001(4)(a) and (b) apply to Wisconsin's Lemon Law and make the thirtieth day fall on Monday, March 1, 1999. Second, Ford contends that pecuniary loss when a lemon is a leased vehicle is equal to the amount paid under the lease contract.

¶ 8.   We need not reach the merits of Ford's first issue because we make our decision based upon two undisputed facts:   Ford did not provide *to the consumer* (Riley) his refund on Sunday, February 28, 1999 (Riley's thirtieth day), and Ford did not provide *to the consumer* (Riley) his refund on Monday, March 1, 1999 (Ford's thirtieth day). First, sending a fax to the consumer's attorney is not the equivalent of a timely delivery of a refund check to the consumer. Second, delivery of a refund check to a dealership's sales manager is not the equivalent of a timely delivery of a refund check to the consumer.

¶ 9.   The law requires that the manufacturer *provide a refund to the consumer* or a comparable new motor vehicle to the consumer no later than thirty days after the consumer's offer. WIS. STAT. § 218.015(2)(c). Thus, Ford did not provide Riley with his refund in a timely manner. This is so whether we determine that the thirtieth day fell on February 28, 1999, or March 1, 1999. There is no evidence that Ford provided a refund to Riley on either day. In short, we do not reach the construction of WIS. STAT. § 990.001(4)(a) and (b), and § 218.015, because even if we were to hold that § 990.001(4)(a) and (b) was applicable and that Ford did get an extra day, there is no evidence that Ford complied with the Lemon Law.

¶ 10.   With regard to Ford's dispute with the trial court's calculation of Riley's pecuniary loss, we disagree with the trial court and hold that pecuniary loss when a lemon is a leased vehicle does not include the current

200

value of the written lease.[5] WISCONSIN STAT. § 218.015(2)(b)3.a and b do not apply when a Lemon Law action is filed in the trial court. Instead, these provisions apply only when the manufacturer complies with the Lemon Law. When a Lemon Law action is filed in the trial court, the "pecuniary loss" provisions of § 218.015(7) apply.

¶ 11. In effect, Wisconsin's Lemon Law provides two routes for the consumer if attempts to repair a nonconforming vehicle are unsuccessful. First, the consumer can demand either a comparable new vehicle or a refund. WIS. STAT. § 218.015(2)(b)2.a, b. If the manufacturer agrees to a refund and the vehicle is a leased vehicle, the manufacturer must:

> [A]ccept return of the motor vehicle, refund to the motor vehicle lessor and to any holder of a perfected security interest in the motor vehicle, as their interest may appear, the current value of the written lease and refund to the consumer the amount the consumer paid under the written lease plus any sales tax and collateral costs, less a reasonable allowance for use.

> [T]he current value of the written lease equals the total amount for which that lease obligates the consumer during the period of the lease remaining after its early termination, plus the motor vehicle dealer's early termination costs and the value of the motor vehicle at the

---

[5] WISCONSIN STAT. § 218.015(2)(b)3.b defines "the current value of the written lease" as:

> the total amount for which that lease obligates the consumer during the period of the lease remaining after its early termination, plus the motor vehicle dealer's early termination costs and the value of the motor vehicle at the lease expiration date if the lease sets forth that value, less the motor vehicle lessor's early termination savings.

lease expiration date if the lease sets forth that value, less the motor vehicle lessor's early termination savings.

Sec. 218.015(2)(b)3.a, b.

¶ 12.   Second, as an alternative to seeking a comparable new vehicle or a refund, the consumer can bring an action in court. Wis. Stat. § 218.015(7). Section 218.015(7) provides:

> In addition to pursuing any other remedy, a consumer may bring an action to recover for any damages caused by a violation of this section. The court shall award a consumer who prevails in such an action twice the amount of any pecuniary loss, together with costs, disbursements and reasonable attorney fees, and any equitable relief the court determines appropriate.

When the consumer brings an action in court, he or she is limited to the remedies under § 218.015(7). This section does not mention the current value of the written lease. The consumer's pecuniary loss does not include the termination value of the vehicle because the consumer is not out that amount of money. The "lessor" (and/or holder) owns a leased vehicle and, if it is a lemon, the lessor owns a lemon. When the consumer chooses a refund, he or she must return the vehicle to the manufacturer; therefore, the lessor does not have the vehicle and must be compensated for the value of the vehicle.

¶ 13.   The trial court erred when it awarded Riley $23,221.95, which the court found to be the current value of the written lease. This holding tracks our reasoning in *Church v. Chrysler Corp.*, 221 Wis. 2d 460, 585 N.W.2d 685 (Ct. App. 1998):

> The purpose of the Lemon Law is to return the purchaser of a lemon to the position he or she was in at the

time the vehicle was purchased. The statute [Wis. Stat. § 218.015(7)] allows the consumer to recover twice the amount of the "pecuniary loss" in addition to other expenses. When the manufacturer violates the law by wrongfully refusing to honor this refund, the consumer suffers pecuniary loss in the amount of the refund he or she should have received. A consumer's pecuniary loss includes that portion of the purchase price he or she has actually paid. . . . [T]he goal of the Lemon Law is not served by refunding more than the amount which the consumer actually paid for the vehicle.

*Church*, 221 Wis. 2d at 470–71 (citations omitted).

¶ 14.   Ford violated Wisconsin's Lemon Law in not providing to Riley his refund no later than thirty days after he made his demand. However, Ford is not obligated to pay Riley the $23,221.95 portion of the award because Riley is not entitled to the current value of the written lease.

¶ 15.   Costs are denied to all parties.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.